UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BELL,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN,<br><br>  Defendant. | No. 2:21-CV-00178-CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On January 23, 2021, plaintiff filed the instant action against the Warden of Mule Creek State Prison alleging that he was being housed with COVID-19 positive inmates in deliberate indifference to his health and safety.[1] ECF No. 1. By way of relief, plaintiff seeks his early release from confinement.

The court takes judicial notice of an earlier filed civil action filed by plaintiff against the same defendant and alleging the same claims. See Bell v. Warden, No. 2:21-cv-0534-CKD (E.D. Cal. 2021). The allegations in the complaint are against the exact same defendant and request the

---

[1] All filing dates have been calculated using the prison mailbox rule. Houston v. Lack, 487 U.S. 266 (1988).

1

exact same relief as plaintiff's amended complaint in Bell v. Warden, 2:21-cv-0534-CKD (E.D. Cal. 2021), which was filed before the present civil rights action.²

Plaintiff does not have the right to file two separate actions "involving the same subject matter at the same time in the same court and against the same defendant." Adams v. Cal. Dep't of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). In order to determine whether a second action is duplicative of an earlier-filed action, the court must "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 688-89 (citations omitted).

In this case, the allegations and the requested relief are the same as in plaintiff's earlier-filed civil rights lawsuit. In both cases, the only named defendant is the Warden of Mule Creek State Prison. For all these reasons, the undersigned concludes that this case is duplicative of the earlier-filed civil rights action and should be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. This action be dismissed as duplicative; and,

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

---

² Plaintiff filed his first action in the Northern District of California on December 13, 2020 using the prison mailbox rule. It was transferred to this district by order dated March 19, 2021. See ECF No. 9.

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 2, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bell0178.F&R.duplicative.docx